BOSTON SEAMAN'S FRIEND SOCIETY, INC. *vs.* ATTORNEY GENERAL & others.[1]

Dukes County. November 6, 1979. — January 7, 1980.

Present: QUIRICO, BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Practice, Civil,* Appeal. *Rules of Appellate Procedure. Charity. Trust,* Charitable trust. *Devise and Legacy,* Charitable trust.

Because the Attorney General was a party to certain Probate Court proceedings, a notice of appeal could be filed by any party within sixty days of the entry of judgment pursuant to Mass. R. A. P. 4; the thirty-day statutory appeal period set forth in G. L. c. 215, § 9, is not a limitation on the appeal period in rule 4. [416-417]

In an action by the Boston Seaman's Friend Society, Inc., seeking instructions and a decree allowing changed uses for trust income pursuant to a will which provided that the income was to be devoted to the maintenance of the plaintiff's branch in Vineyard Haven, the judge did not err in

---

[1] The six towns on the island of Martha's Vineyard, which intervened.

authorizing the use of income for "educational aid and financial assistance to those individuals from Martha's Vineyard pursuing educational programs relating to the sea"; the reference in the judgment to "individuals," rather than "seamen," was proper. [417-419]

In an action by the Boston Seaman's Friend Society, Inc., seeking instructions and a decree allowing changed uses for trust income, it was within the discretion of the judge to impose a provision that the Society take all reasonable steps necessary to establish a means of communication with a committee whose purpose would be to make known to the Society the names of potential living beneficiaries of the fund. [419]

PETITION filed in the Probate Court for the county of Dukes County on February 3, 1975.

The case was heard by *Wagner*, J.

After a question of law was reported by a panel of Justices of the Appeals Court, the Supreme Judicial Court ordered direct appellate review of the entire case.

*Stuart DeBard* for the plaintiff.

*Catherine Hantzis*, Assistant Attorney General, for the Attorney General.

*James J. Gillis, Jr.*, for the town of Tisbury & others, interveners.

WILKINS, J.  More than thirty days after the entry of judgment in the Probate and Family Court for the County of Dukes County, but within the sixty-day appeal period set forth in Mass. R. A. P. 4, 365 Mass. 846 (1974), the Boston Seaman's Friend Society, Inc. (Society), filed a notice of appeal.  A panel of the Appeals Court determined "that the question whether the appeal period applicable to the present case is the thirty-day period found in G. L. c. 215, § 9 (as appearing in St. 1975, c. 400, § 57), or the sixty-day period found in the first sentence of Mass. R.A.P. 4" was one of unusual significance bearing on the efficient administration of justice.  Accordingly, that panel reported the question to this court. G. L. c. 211A, § 12.[2]  We have trans-

---

[2] General Laws c. 211A, § 12, states that the Appeals Court may report any case in whole or in part to this court if, in the opinion of the Appeals Court, the unusual public or legal significance of the matter or the efficient administration of justice so requires. We think a panel of three

ferred the entire case to this court for decision. We conclude that the appeal was filed on time, but we reject the Society's argument on the merits.

1. The appeal was seasonably claimed. Because the Attorney General was a party to the Probate Court proceedings, the notice of appeal could be filed by any party within sixty days of the entry of judgment. Rule 4 of Mass. R. A. P., prior to its amendment effective July 1, 1979,[3] read as follows: "Unless otherwise provided by statute, the notice of appeal required by Rule 3 shall be filed with the clerk of the lower court within thirty days of the date of the entry of the judgment appealed from; but if the Commonwealth or an officer or agency thereof is a party, the notice of appeal may be filed by any party within sixty days of such entry."

We read the "but if" language following the semicolon in rule 4 as controlling all circumstances in which the Attorney General is a party to a case. Thus, the thirty-day statutory appeal period set forth in G. L. c. 215, § 9, is not a limitation on the appeal period in rule 4. Section 9 was adopted as part of a comprehensive legislative and judicial effort to coordinate statutes of the Commonwealth and rules of this court which were, respectively, enacted or adopted to be effective on July 1, 1974. See St. 1973, c. 1114, § 351. Section 10 of G. L. c. 215 was amended at the same time to provide that the procedure on appeal from a Probate Court "shall be in accordance with the Massachusetts Rules of Appellate Procedure." See St. 1973, c. 1114, § 66.

The statute and the rule should be read with the aim of finding consistency rather than conflict. With the background of cooperation between the judiciary and the Legislature, and the general deference to G. L. c. 215, § 10, to the rules of appellate procedure, we do not construe G. L.

---

Justices of that court, although less than a majority of that court, may report a question under § 12, particularly in view of the fact that such a panel could have decided the case on the merits. G. L. c. 211A, § 3.

[3] The 1979 amendment is inapplicable to the appeal in this case because the notice of appeal was filed in June of 1978. The amendment did not make any significant change regarding the procedural issue now before us.

c. 215, § 9, as intended to conflict with the general purpose of Mass. R. A. P. 4 to provide an enlarged appeal period in cases involving the Commonwealth or an officer or agency of the Commonwealth.[4] We thus need not deal with the question whether a rule of court or a statute concerning appellate procedure would prevail when there is an irreconcilable conflict between the two.

2. We turn then to the merits of the appeal by the Society. Article Sixteenth of the will of Harriet Norris Goldberg provided in part that one-third of the residue of her estate be given to the Society "to be held and invested as a permanent fund . . . , the income to be devoted to the maintenance of its Branch" in Vineyard Haven. The Society's corporate purposes include "ministering to seamen by employing such means for their spiritual and temporal welfare as may be deemed advisable by the Society in accordance with Christian Charity." The Society has maintained a chapel and a maritime museum in Vineyard Haven.

The Society brought this petition against the Attorney General seeking instructions and a decree allowing expanded uses for the trust income. Each of the towns on Martha's Vineyard was permitted to intervene in the proceeding. The Society and the interveners agreed on a form of judgment concerning the use of the income from the Goldberg fund. That proposal was adopted by the judge with two modifications which the Society challenges. The judgment states a variety of ways that the trust income may be used for the benefit of needy seamen on Martha's Vineyard, such as expenditures for room and board, burial expenses, medical costs, spiritual needs, and professional guidance. Additionally, the judgment authorizes the use of income for

---

[4] The conclusion we reach was adumbrated in J.R. Nolan, Civil Practice § 984 (1975), where it is stated that "[t]he notice of appeal must be filed with the clerk of the lower court within 30 days of the date of entry of the judgment unless a statute provides otherwise and unless the Commonwealth or an officer or agency thereof is a party in which latter case, the notice must be filed within 60 days of the date of entry of judgment" (footnotes omitted).

"[e]ducational aid and financial assistance to those *individuals* from Martha's Vineyard pursuing educational programs relating to the sea, including but not limited to . . . marine biology, oceanography, maritime studies, fisheries research, sea conservation and all other sea related subject matter" (emphasis supplied). The Society challenges the judge's substitution of the word "individuals" for the word "seamen" in the language quoted above.

This is an appropriate case for the application of the doctrine of cy pres. See 4 A. Scott, Trusts §§ 399.2, 399.3 (3d ed. 1967); Restatement (Second) of Trusts § 399, Comments i, q (1959); G. Bogert, Trusts 529-531 (5th ed. 1973); *Richardson* v. *Mullery*, 200 Mass. 247, 249-250 (1908).

The testamentary intent that the income of the fund be devoted to the maintenance of a branch of the Society in Vineyard Haven can no longer practically be fulfilled. The question then is how the general charitable intent can best be effectuated. The Society and the intervening towns substantially agreed on the purposes for which the income could be used. The judgment as to who shall receive distributions is one for the Society to make. See 4 A. Scott, Trusts § 382 (3d ed. 1967). It is not required to apply any income to the sea-related education of individuals. The judgment states only that it may do so. If the Society chooses to limit the class of persons who receive assistance from the fund to seamen, as it believes it should, it may do so. However, if there is an insufficient number of deserving seamen to use the income and if the Society so desires, the judgment allows the Society the freedom to assist people from Martha's Vineyard who are pursuing sea-related programs. See *Wesley United Methodist Church* v. *Harvard College*, 366 Mass. 247, 251 (1974). This is a reasonable alternative within the general purpose, but not the specific detail, of the testamentary gift. The reference to individuals, rather than seamen, pursuing educational programs was properly included in the decree. See *Rogers* v. *Attorney Gen.*, 347 Mass. 126, 134 (1964). The inclusion of a more general class of beneficiaries does not harm the Society's interests, and no objec-

tion is made on behalf of Martha's Vineyard seamen, who might have cause to object to that language and whose interests are protected by the Attorney General.

The Society's second objection to the judgment concerns the inclusion of a provision that the Society "take all reasonable steps necessary to establish a means of communication with a committee consisting of one individual from each town on Martha's Vineyard to be selected by the Board of Selectmen for each said town; the purpose of said Committee to make known to the [Society] the names of potential living beneficiaries of said fund." The Society is not responsible for the existence and operation of that committee; it merely has to be willing to communicate with that committee. The Society, not the committee, makes decisions concerning the distribution of the fund. All the Society need do is open its mail and answer the telephone in order "to take all reasonable steps necessary to establish a means of communication" with the committee. Such a provision is a reasonable means of assisting in the fulfilment of the purposes of the gift and could be imposed in the discretion of the judge. See *Briggs* v. *Merchants Nat'l Bank,* 323 Mass. 261, 279 (1948). Such a provision is particularly appropriate where the judge's findings demonstrate the Society's lack of attention in the past to certain of its obligations under the gift.

*Judgment affirmed.*