COMMONWEALTH *vs.* DENNIS G. THERRIEN
(and a companion case of the same name).

Hampshire. Suffolk. January 6, 1981. — May 6, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Criminal,* Required finding, Appeal by Commonwealth. *Constitutional Law,* Double jeopardy. *Rape. Rules of Criminal Procedure.*

The double jeopardy clause of the Fifth Amendment to the United States Constitution did not preclude the Commonwealth's appeal from an order, pursuant to Mass. R. Crim. P. 25 (b) (1), vacating a guilty verdict. [531-532]

The Commonwealth may appeal under G. L. c. 278, § 28E, from the postverdict allowance of a defendant's motion for a finding of not guilty presented pursuant to Mass. R. Crim. P. 25 (b) (1). [532-536] LIACOS, J. dissenting.

A judge erred in allowing a defendant's motion, pursuant to Mass. R. Crim. P. 25 (b) (1), for a finding of not guilty of rape after the jury had returned a guilty verdict where there was sufficient evidence to warrant a finding beyond a reasonable doubt that the defendant had intercourse with the victim against her will. [536-539]

INDICTMENT found and returned in the Superior Court on October 6, 1977.

The case was tried before *Moriarty,* J.

The Supreme Judicial Court granted a request for direct appellate review.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on March 18, 1980.

The case was reported by *Abrams,* J.

*Stephen R. Kaplan,* Assistant District Attorney, for the Commonwealth.

*David A. Robinson* for the defendant.

WILKINS, J. Following the return of a jury verdict that the defendant was guilty of rape, the judge allowed the defendant's motion for a finding of not guilty, ruling that, in

the circumstances, the evidence did not warrant a finding of guilty. The Commonwealth has sought to challenge the judge's ruling, both by an appeal from the judge's order and by a complaint filed in the county court seeking relief under G. L. c. 211, § 3. We granted the Commonwealth's application for direct appellate review of its attempted appeal from the judge's order. A single justice of this court has reserved and reported to this court the case entered in the county court.

Initially, these cases present the question whether the Commonwealth has the right to appeal, or otherwise challenge, the order that a finding of not guilty be entered on the offense charged. We conclude that the Commonwealth does have the right to appeal from that order. Because of that conclusion, we need not consider whether, in the absence of a right to appeal, the Commonwealth would have been entitled to seek relief under the general superintendency authority of this court, and, accordingly, we shall order the entry of a judgment dismissing the complaint seeking relief under G. L. c. 211, § 3.[1] Having concluded that the Commonwealth has a right to appeal, we reach the question whether the judge was correct in ruling that, in the circumstances, the jury's verdict was not warranted. We conclude that the verdict was warranted by the evidence and vacate the order allowing the defendant's motion for a finding of not guilty.

A brief recitation of the circumstances that bear on the question of the Commonwealth's right to appeal is appropriate at this point. We leave until later a presentation of the circumstances that relate to the propriety of the judge's order allowing the entry of a finding of not guilty. The trial was held in November, 1979, before a jury in Hampshire

---

[1] In the case of *Commonwealth* v. *Gaulden*, *post* 543 (1981), decided today, we consider the Commonwealth's right to seek relief under the general superintendency authority of this court from a ruling, purportedly under Mass. R. Crim. P. 25 (b) (2), 378 Mass. 896 (1979), reducing a conviction from murder in the second degree to manslaughter, on motion of the defendant.

County. At the close of the Commonwealth's case, the defendant filed a motion for a required finding of not guilty. See Mass. R. Crim. P. 25 (b), 378 Mass. 896 (1979). The judge denied the motion, and the defendant renewed the motion at the close of the evidence. The judge reserved decision until the verdict was returned, as is permitted by Mass. R. Crim. P. 25 (b) (1). The jury returned a verdict of guilty and answered two questions, a circumstance that becomes important when we consider the propriety of the judge's order. The judge thereafter heard argument of counsel and allowed the motion for a required finding of not guilty.[2]

1. We point out initially that there is no constitutional barrier to the Commonwealth appealing from the order vacating the guilty verdict.

The double jeopardy clause of the Fifth Amendment to the Constitution of the United States, applicable to the States through the Fourteenth Amendment (*Benton* v. *Maryland*, 395 U.S. 784, 795-796 [1969]), does not forbid the Commonwealth's appeal, and the defendant makes no such claim. "[W]hen a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause." *United States* v. *Wilson*, 420 U.S. 332, 352-353 (1975). See *United States* v. *DiFrancesco*, 449 U.S. 117, 130 (1980); *United States* v. *Martin Linen Supply Co.*, 430 U.S. 564, 569-570 (1977). Deferring action on a motion for a judgment of acquittal until after the jury have returned their verdict is a sensible procedure where the question appears to be close because, by doing so, the judge makes it possible "to reconcile the public interest in the Government's right to appeal from an erroneous conclusion of law with the defendant's interest in avoiding a second prosecution." *United States* v. *Scott*, 437 U.S. 82, 100 n.13 (1978). See *United States* v.

---

[2] We do not have here an independent motion under the last sentence of Mass. R. Crim. P. 25 (b) (2) to "set aside the verdict and order . . . the entry of a finding of not guilty."

*Jenkins*, 420 U.S. 358, 365 (1975), cited with approval in *United States* v. *Scott, supra* at 91 n.7, which overruled the *Jenkins* case in other respects. If the appellate court decides that the judge was wrong, a new trial is not required; the conviction is simply reinstated. See *United States* v. *Forcellati*, 610 F.2d 25, 28-30 (1st Cir. 1979), cert. denied, 445 U.S. 944 (1980).

It has long been accepted that the Commonwealth may not appeal from an acquittal of a criminal defendant, in spite of the broad supervisory role of this court. See *Commonwealth* v. *Anthes*, 5 Gray 185, 207-208 (1855); *Commonwealth* v. *Cummings*, 3 Cush. 212, 214 (1849). Where, as here, there has been a conviction, "the considerations are quite different" from those where there was no conviction. *Commonwealth* v. *Hayes*, 372 Mass. 505, 508 (1977). For example, without raising any significant double jeopardy question, this court properly may consider, pursuant to statute, a case on further appeal where the Appeals Court has reversed a conviction and ordered judgment for the defendant. See *Commonwealth* v. *Gosselin*, 365 Mass. 116, 117 (1974); G. L. c. 211A, § 11. Similarly, we would accept as proper a statute that allowed the Commonwealth to appeal from an order setting aside a verdict of guilty in a criminal case.

In this Commonwealth, the subject of double jeopardy generally has been treated as a matter of common law rather than as a question under the Constitution of the Commonwealth. See *Commonwealth* v. *Diaz, ante* 73, 82 (1981); *Commonwealth* v. *Cepulonis*, 374 Mass. 487, 491-492 (1978). Any statutory provision for an appeal by the Commonwealth, of course, would overcome any common law rule barring such an appeal. If there is a double jeopardy guaranty to be found in the Constitution of the Commonwealth, we would not interpret it to bar the Commonwealth from challenging an error of law in the setting aside of a verdict of guilty.

2. The Commonwealth may appeal from the allowance of a defendant's renewed motion for a finding of not guilty

presented pursuant to Mass. R. Crim. P. 25 (b) (1).[3]
General Laws c. 278, § 28E, as appearing in St. 1979,
c. 344, § 45, provides that authority. In relevant part,
§ 28E provides that the Commonwealth may appeal "to the
supreme judicial court in all criminal cases from a decision,
order or judgment of the [Superior Court] (1) allowing a
motion to dismiss an indictment or complaint, or (2) allow-
ing a motion for appropriate relief under the Massachusetts
Rules of Criminal Procedure." The 1979 amendment of
§ 28E was adopted, as its title and preamble state, to con-
form the General Laws to the Massachusetts Rules of Crimi-
nal Procedure and, as § 51 of the act states, to be effective
on July 1, 1979, which is the date on which, by order of this
court, amendments to the rules of criminal procedure be-
came effective. See 378 Mass. 835 (1979). Two days after
§ 28E was amended in 1979, St. 1979, c. 346, conforming
the General Laws to the Massachusetts Rules of Appellate
Procedure, effective July 1, 1979, was enacted. There is no
question that these two acts were designed to coordinate the
statutes of the Commonwealth with the new rules of this
court concerning trials and appeals in criminal cases.

The answer to the central question concerning the Com-
monwealth's right to appeal in this case turns on the mean-
ing in § 28E of the words "allowing a motion for appropriate
relief under Massachusetts Rules of Criminal Procedure."
The defendant argues that "a motion for appropriate relief"
includes only pretrial motions, such as a motion to suppress
evidence. That limited scope was clearly the subject of
§ 28E prior to its 1979 amendment. See *Commonwealth* v.
*McCarthy*, 375 Mass. 409, 413 (1978), which concerned a
similar situation before the 1979 changes in statutes and
rules. The previously relevant provision in § 28E, inserted

---

[3] Massachusetts R. Crim. P. 25 (b) (1) provides as follows:

"(1) *Reservation of Decision on Motion.* If a motion for a required
finding of not guilty is made at the close of all the evidence, the judge may
reserve decision on the motion, submit the case to the jury, and decide the
motion before the jury returns a verdict, after the jury returns a verdict of
guilty, or after the jury is discharged without having returned a verdict."

by St. 1967, c. 898, § 1, authorized an appeal from "a decision, order or judgment of the [Superior Court] (1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion to grant appropriate relief under the provisions of [G. L. c. 277, § 47A]." Section 47A, as then amended (see St. 1965, c. 617, § 1, for the relevant language), referred to defenses or objections raised by motions for relief before trial.[4] The defendant continues his argument by asserting that the only portion of the rules of criminal procedure which concerns a motion to grant appropriate relief is Mass. R. Crim. P. 13 (c) (1), 378 Mass. 872 (1979), which refers, in part, to defenses being raised by a motion to dismiss or "by a motion to grant appropriate relief." Rule 13 (c) (2) refers to an objection which is capable of determination without trial of the general issue being "raised before trial by motion." Clearly, rule 13 is concerned only with pretrial motions. Massachusetts R. Crim. P. 15 concerns only appeals from interlocutory rulings. Neither rule 13 nor rule 15, therefore, has anything to do with an appeal from action on a motion after discharge of the jury, such as the defendant here filed pursuant to Mass. R. Crim. P. 25 (b) (1). See G. L. c. 278, § 11, as appearing in St. 1979, c. 344, § 43A.

We conclude that the defendant reads § 28E too narrowly and that § 28E does not apply only to the Commonwealth's appeals from the allowance of a pretrial motion. We have sought to find harmony and not discord in the cooperative effort of the Legislature and this court to coordinate statutes and rules involving procedural matters in the courts of the Commonwealth. See *Spence* v. *Reeder*, 382 Mass. 398, 421-422 (1981); *Boston Seaman's Friend Soc'y, Inc.* v. *Attorney Gen.*, 379 Mass. 414, 416-417 (1980). The

---

[4] In the same 1979 act that amended § 28E, the Legislature amended § 47A to provide that motions to challenge defects in the institution of a criminal case should be raised "by a motion in conformity with the requirements of the Massachusetts Rules of Criminal Procedure." St. 1979, c. 344, § 39. The matter of other pretrial motions was left to the new criminal rules through the new § 28E.

reference in § 28E to a motion for appropriate relief must be read more broadly than to refer only to pretrial motions.

Under Mass. R. Crim. P. 30, 378 Mass. 900 (1979), concerning motions for postconviction relief, and of which the Legislature was aware when it enacted § 28E, the Commonwealth is entitled to appeal from a final order allowing a motion for relief, including both the allowance of a motion for a new trial and the allowance of a motion for the defendant's release because the defendant's confinement was imposed in violation of the laws of the Commonwealth. See Mass. R. Crim. P. 30 (c) (8). In common parlance, such motions are motions for appropriate relief. If the Commonwealth may appeal from the allowance of a motion for postconviction relief under rule 30, the right of the Commonwealth to appeal from the postverdict allowance of a motion under rule 25 follows logically. If the defendant had raised his objection to the jury's verdict by a postconviction motion under rule 30 and the judge had allowed that motion on the ground that the verdict was not warranted by the evidence, rule 30 (c) (8) says the Commonwealth could appeal the judge's ruling. If the same legal question were presented by a motion under rule 25 (b) and the judge ruled against the Commonwealth, it would be illogical to deny the Commonwealth the right to appeal that ruling. We think both a motion for postconviction relief under rule 30 and a postverdict motion under rule 25 are motions for appropriate relief under § 28E.[5]

It is clear that the Commonwealth may not appeal the allowance of every defense motion. There are certain motions whose allowance must be treated as terminating the criminal prosecution without any right to appeal. Double jeopardy principles require that there be no appellate review of the allowance of a defense motion for a finding of

---

[5] As we observed earlier, the trial judge in a close case may wish to permit appellate review of whatever action he might take on a motion for a finding of not guilty. Our construction of § 28E permits appellate review, whichever way the judge decides the point, if he acts after the jury return their verdict.

not guilty after jeopardy attaches and before the jury return their verdict. In such a case, review is to be denied because, even if the Commonwealth were successful on appeal, double jeopardy principles would bar a second trial. See *United States* v. *Martin Linen Supply Co.*, 430 U.S. 564, 573-574 (1977). Congress has adopted a position on the government's right to appeal in a Federal criminal case which permits government appeals except "where the double jeopardy clause of the United States Constitution prohibits further prosecution." 18 U.S.C. § 3731 (1976). See *United States* v. *Wilson*, 420 U.S. 332, 339 (1975). We must, of course, apply a similar limitation to the scope of § 28E, with the further application of whatever greater limits might be found in the restraints of the Constitution of the Commonwealth. To decide the case before us, and not to suggest whether the allowance of any other class of motion might properly be appealed by the Commonwealth in a criminal case, we need simply hold that, pursuant to § 28E, the Commonwealth may appeal from a postverdict allowance of a motion, filed under rule 25 (b) (1), for the entry of a required finding of not guilty.

3. We come then to the substantive question whether the judge was in error in allowing the defendant's renewed motion for the entry of a finding of not guilty. The Commonwealth does not argue that the judge had no authority to allow such a motion. Massachusetts R. Crim. P. 25 (b) (1) explicitly authorizes a judge in the circumstances involved here to act on the reserved motion. General Laws c. 278, § 11, as appearing in St. 1979, c. 344, § 43A, also impliedly authorizes the judge to allow the motion. The question is whether the judge was correct in allowing the motion, and that depends on whether, in the circumstances, the jury were warranted in finding the defendant guilty of rape.

The evidence warranted a verdict of guilty, and, therefore, the judge was in error in ordering the entry of a finding of not guilty. The case was presented to the jury on two theories, that (1) the defendant himself raped the victim and (2) the defendant participated actively in a joint enter-

prise with another man who raped the victim. At the close of the Commonwealth's case and again at the close of the evidence, there was evidence which, if believed, would have warranted a guilty verdict on the ground of joint venture. The defendant does not argue otherwise here. He relies on the answers that the jury gave to two questions submitted to them.[6] The judge gave the jury a verdict form on which they were requested to indicate a verdict of guilty or not guilty and to answer two questions. The jury indicated on the form that the defendant was guilty. They answered affirmatively the question whether the defendant personally raped the victim, and answered negatively the question whether the defendant participated as a joint venturer in a rape of the victim. The defendant argued to the judge, after the verdict was returned, that the judge should allow the motion for a required finding of not guilty, on which the judge had reserved decision, because the evidence did not warrant a guilty verdict on the theory on which the jury found him guilty. The defendant contended that the judge should disregard all the evidence bearing on the defendant's guilt as a joint venturer in considering whether the evidence warranted a guilty verdict on the theory that the defendant personally raped the victim. The judge apparently accepted this contention. We shall assume, without deciding, that the judge properly could consider this argument under a reserved motion for a finding of not guilty, filed under Mass. R. Crim. P. Rule 25 (b) (1).[7]

In our analysis of the evidence we may consider all the evidence, including evidence that the jury may have disbelieved in arriving at their conclusion that the defendant was not guilty as a joint venturer. Inconsistency of verdicts in criminal cases is not a matter for judicial inquiry. See

[6] The record does not show why the judge submitted the questions. Massachusetts R. Crim. P. 27 (c), 378 Mass. 897 (1979), authorizes the submission of special questions.

[7] Consideration of this argument might have been appropriate pursuant to a separate motion under the second sentence of Mass. R. Crim. P. 25 (b) (2), or under rule 30.

*Commonwealth* v. *White*, 363 Mass. 682, 684-685 (1973), and cases cited. The question whether the defendant raped the victim should be considered in conjunction with all the evidence, including the acts of the other two men.

The evidence warranted the jury's finding of the following. On a July day in 1977, the defendant and two other men, one of whom knew the victim and her sister, invited the victim to go for a ride from South Hadley to an address in Holyoke. After certain intermediate events that need not concern us, except that the victim kept insisting on being taken home, they drove to a secluded place in Belchertown. One of the men, not the defendant, pulled the victim up a footpath to a clearing, despite her protestations. The defendant blocked her attempted retreat. In the presence of all three men, and according to the victim, with the assistance of all three, one of the other men forced her to have intercourse with him. Then the second man had intercourse with the victim, who was crying. The victim was five feet tall and weighed less than 110 pounds. One of the men was six feet, eight inches tall, and weighed over 240 pounds; another weighed 150 pounds, and the defendant weighed over 200 pounds. The victim was afraid of the men and agreed to meet them the next day. As they were preparing to leave, the defendant said that he "didn't get his turn." One of the other men asked the victim to comply, and he "put his arm around [her] throat and he squeezed it a little bit." She answered that "I guess I could do it." The defendant then had oral and vaginal intercourse with the victim. Soon after these events, the victim, who was then hysterical, requested help from a customer at a gasoline station where the men stopped their motor vehicle to buy gasoline.

The defendant argues before us that the victim's words were words of consent and that it was not he who squeezed the victim's neck. In the circumstances, it was a question for the jury whether the Commonwealth proved beyond a reasonable doubt that the defendant had intercourse with the victim against her will. If the victim appears to consent

to intercourse because of a threat of a third person or because of fears arising from actions of a third person, and a defendant knew of those threats or of the circumstances causing those fears, such a defendant could properly be found guilty of rape. See *People* v. *Dockery*, 20 Mich. App. 201, 206 (1969); *State* v. *Davis*, 557 S.W.2d 41, 43 (Mo. App. 1977); *State* v. *Barnett*, 85 N.M. 404, 407 (Ct. App. 1973). In *Commonwealth* v. *Burke*, 105 Mass. 376, 381 (1870), we recognized, in an analogous situation, that a defendant could be guilty of rape if he knew of acts of a third person that affected the victim's ability to consent.

Because the jury were warranted in finding beyond a reasonable doubt that the defendant himself raped the victim, the judge was in error in ordering the entry of a finding of not guilty. The judge's order is vacated, and the case is remanded for further proceedings.[8] A judgment shall be entered in the county court dismissing the complaint seeking relief under G. L. c. 211, § 3.

*So ordered.*

LIACOS, J. (dissenting). I dissent. A basic principle of the common law of England and of this Commonwealth has been that the prosecution has no right of appeal from the entry of a judgment of acquittal. *Commonwealth* v. *Anthes*, 5 Gray 185, 207 (1855). Even apart from considerations of double jeopardy, it long has been understood that the Commonwealth has no right of appeal from the entry of a judgment of acquittal absent an express statutory provision authorizing such an appeal. This principle was well stated by Chief Justice Shaw in *Commonwealth* v. *Cummings*, 3 Cush. 212, 215 (1849): "[I]t has never been supposed, that an appeal would lie for any party in a criminal case, *except where it had been expressly given by statute*; nor was it

---

[8] Further proceedings would include sentencing. The defendant, of course, may seek relief by a motion for a new trial. In any event, the defendant could appeal from his conviction.

ever claimed, when appeals were largely and liberally allowed in criminal cases, that the commonwealth could appeal from a judgment of acquittal" (emphasis added).

This fundamental principle of our criminal jurisprudence has remained valid from our colonial beginnings until this day. The court, nevertheless, in a strained interpretation of G. L. c. 278, § 28E, and the Massachusetts Rules of Criminal Procedure, brings about a fundamental change of our law which clearly was never contemplated, either by the Legislature as it revised G. L. c. 278, § 28E, by St. 1979, c. 344, § 45,[1] by the drafters of the rules of criminal procedure, or by this court when it promulgated those rules. The court does this without citing a single reference to explicit language which creates such a right, either in the statute, the rules, or the commentary to the rules to support its decision.[2] Nor does it cite any authority to support the proposition that "[t]he reference in § 28E to a motion for appropriate relief must be read more broadly than to refer only to pretrial motions." *Supra* at 534-535.

I am unable to find in the statutes and the rules relied upon by the court any indication of an intention by the Legislature or the court to alter so dramatically the long-standing practice of this Commonwealth. Rather, these provisions reflect the intent of the Legislature and the court to continue unchanged the prior law permitting appeals by the Commonwealth from orders allowing pretrial motions.

The majority concede that prior to its amendment in 1979, G. L. c. 278, § 28E, provided for appeals by the Commonwealth only from judgments allowing pretrial mo-

---

[1] General Laws c. 278, § 28E, as appearing in St. 1979, c. 344, § 45, provides in part: "An appeal may be taken by and on behalf of the commonwealth by the attorney general or a district attorney from the superior court to the supreme judicial court in all criminal cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion for appropriate relief under the Massachusetts Rules of Criminal Procedure."

[2] The right of appeal of the Federal government in a criminal case is, as the court acknowledges, based on an explicit Federal statute. 18 U.S.C. § 3731 (1971).

tions; to wit, from judgments "(1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion to grant appropriate relief under the provisions of [G. L. c. 277, § 47A]." *Supra* at 534. General Laws c. 277, § 47A, inserted by St. 1965, c. 617, § 1, abolished, at least in name, the old forms of pretrial motions, e.g., demurrers, challenges, and motions to quash, and consolidate them under the general heading of a motion to dismiss or grant appropriate relief. See Reporters' Notes to Mass. R. Crim. P. 13 (c), Mass. Ann. Laws, Rules of Criminal Procedure at 262 (1979). Thus, under G. L. c. 277, § 47A, "[d]efenses and objections based on defects in the institution of the prosecution or in the indictment or complaint" could only be raised by these forms of pretrial motions. Like former G. L. c. 277, § 47A, rule 13 of the rules of criminal procedure establishes the form of, and manner for presentation of, pretrial motions. Indeed, rule 13 (c), headed "Motion to Dismiss or to Grant Appropriate Relief," is a restatement of G. L. c. 277, § 47A. See Reporters' Notes, Mass. R. Crim. P. 13 (c) (1979).

Simultaneously with promulgation of the criminal rules, G. L. c. 277, § 47A, and G. L. c. 278, § 28E, were amended "to coordinate the statutes of the Commonwealth with the new rules." *Supra* at 533. The language of each statute remains essentially unchanged in so far as it relates to questions raised by this appeal, with the exception that, as amended, the statutes refer generally to the rules as the new source establishing the appropriate form of pretrial motions.[3] Before taking a significant departure from the common law, as the majority do today, I would require a far more clear statement of intent from the Legislature than can be gleaned from what appear to be mere "housekeeping" changes.

Since enactment of G. L. c. 277, § 47A, the phrase "motion for appropriate relief" has always designated pretrial

---

[3] General Laws c. 277, § 47A, as appearing in St. 1979, c. 344, § 39, effective July 1, 1979, provides in part that "any defense or objection based upon defects in the institution of the prosecution or in the complaint or indictment . . . shall only be raised prior to trial and only by a motion in conformity with . . . the Massachusetts Rules of Criminal Procedure."

motions. See, e.g., G. L. c. 278, § 28E, as amended by St. 1972, c. 740, § 16; Mass. R. Crim. P. 13 (c), 378 Mass. 872 (1979); Mass. R. Crim. P. 15 (b) (1), 378 Mass. 883 (1979). Words used in one definite sense in an act are presumed to be used in the same sense throughout the act and its amendments, unless a different meaning is clearly expressed. *Matter of Gagnon*, 228 Mass. 334, 338 (1917). Moreover, the majority's broad interpretation of the phrase "motion for appropriate relief" as it appears in G. L. c. 278, § 28E, as amended, would render superfluous the reference in the same sentence to motions to dismiss. Finally, I do not see how Mass. R. Crim. P. 30 (c) (8), 378 Mass. 908 (1979), requires or supports the majority's interpretation of G. L. c. 278, § 28E. It was certainly not within the expressed expectation of this court that promulgation of the rules would lead to such a result.[4]

Since the court does not base its decision on G. L. c. 211, § 3, I need not comment at length on the availability of relief for the Commonwealth under that statute. Suffice it to say that I believe such review may be granted in the extraordinary case under the standards enunciated in *Commonwealth* v. *Cook*, 380 Mass. 314, 319-320 (1980).

For the reasons stated above, I would dismiss the Commonwealth's appeal.

---

[4] Subdivision (c) (8) is patterned after Cal. Penal Code § 1506 (Deering 1971 & Supp. 1981). See Reporters' Notes to Mass. R. Crim. P. 30 (c) (8), Mass. Ann. Laws, Rules of Criminal Procedure at 485-486 (1979). Although in California the State may appeal from judgments allowing motions for a defendant's release due to unlawful restraint, see Cal. Penal Code § 1506, or for a new trial, see Cal. Penal Code § 1238 (Deering 1971 & Supp. 1981), there is no provision for appeal by the State from judgments of acquittal.

It is clearly significant that governmental appellate rights are explicitly referred to in the rules of criminal procedure as to pretrial motions, Mass. R. Crim. P. 15, 378 Mass. 882 (1979), or as to orders entered under rule 30, Mass. R. Crim. P. 30 (c) (8), but no such reference is found in the rules as actions taken under rule 25.