COMMONWEALTH *vs.* JOHN KEOUGH.

Middlesex.   November 5, 1981. — February 19, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Verdict, Required finding, Finding by judge, Appeal by Commonwealth. *Rules of Criminal Procedure.*

A judge had authority under the second sentence of Mass. R. Crim. P. 25 (b) (2) to act on a defendant's postverdict motion which presented, as one alternative, a request for a finding of guilty of manslaughter in lieu of a jury's verdict of guilty of murder in the second degree, notwithstanding the fact that he had reserved the defendant's earlier motion, made at the close of all the evidence, for a required finding of not guilty of murder and had denied it subsequent to the jury's verdict. [316-318]

A judge has authority under the second sentence of Mass. R. Crim. P. 25 (b) (2) to order entry of a finding of guilty of manslaughter in lieu of a jury's verdict of guilty of murder in the second degree even though the jury's verdict was warranted by the evidence, and appellate review of his determination is limited to the question whether the judge abused his discretion or committed error of law. [319]

A judge did not abuse his discretion in ordering entry of a finding of guilty of manslaughter in lieu of a jury's verdict of guilty of murder in the second degree, where undisputed facts, including those showing the crime to be the result of a senseless encounter in which the persons concerned were under the influence of alcohol, warranted a conclusion that a finding of manslaughter "comported more closely with the weight of the evidence, and thus [would be] more consonant with justice" and where the case fitted into the pattern of similar cases in which this court, acting under G. L. c. 278, § 33E, had ordered entry of a finding of a lesser degree of guilt. [318-321]

LIACOS, J., concurring, stated his view that the Commonwealth has no right of appeal from a trial judge's action under Mass. R. Crim. P. 25 (b) (2). [322]

INDICTMENT found and returned in the Superior Court Department on May 16, 1979.

The case was tried before *Connolly*, J. A motion for a new trial or, in the alternative, for a finding of guilty of manslaughter in lieu of the jury's verdict of guilty of murder in the second degree, was heard by him.

The Supreme Judicial Court granted a request for direct appellate review.

*James W. Sahakian*, Assistant District Attorney, for the Commonwealth.

*Michael Reilly* for the defendant.

WILKINS, J. The Commonwealth has appealed from an order entered in the Superior Court vacating a verdict of murder in the second degree and entering a finding of guilty of manslaughter. The Commonwealth argues that the judge lacked authority to allow the defendant's motion for reduction of the verdict, which was purportedly filed under Rule 25 (b) (2) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 896 (1979). It argues further that, even if the judge did have authority to entertain such a motion, he could act favorably on that motion only if the evidence did not warrant the jury's verdict. Thus, it claims that the judge was in error in relying on the weight of the evidence to reduce the verdict from murder in the second degree to manslaughter. We affirm the judgment.[1]

1. The judge had the authority to act on the defendant's postverdict motion which presented, as one alternative, a request that the judge enter a finding of guilty of the offense of manslaughter. We summarize the procedural background. At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty. The judge allowed the motion as to the charge of murder in the first degree. The judge took the balance of the motion under advisement and denied it during the course of trial. The defendant moved at the close of all the evidence for a required finding of not guilty. The judge reserved decision on that motion and

---

[1] The Commonwealth has the right to appeal from a judgment or order of the character involved here. See *Commonwealth* v. *Gaulden*, 383 Mass. 543, 550 (1981); *Commonwealth* v. *Therrien*, 383 Mass. 529, 532-536 (1981).

submitted the case to the jury. On December 6, 1979, the jury returned a verdict of guilty of murder in the second degree, and the judge denied the reserved motion, made at the close of all the evidence, for a required finding of not guilty of murder. The defendant was given a life sentence at the Massachusetts Correctional Institution at Walpole.

On December 11, 1979, the defendant moved, in separate motions, for (1) a required finding of not guilty under rule 25 (b) (2), and (2) a new trial pursuant to Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). He made no motion at that time for a reduction of the verdict. On December 19, 1979, the defendant filed a notice of appeal from the verdict. On January 6, 1981, the defendant filed a second motion for a new trial in which he requested, alternatively, without reference to any rule of court, that the judge reduce the verdict of murder in the second degree to manslaughter. On February 4, 1981, the defendant filed a motion for relief pursuant to rule 25 (b) (2) in which he renewed his motion for a new trial and requested the judge to order the entry of a finding of guilty of manslaughter. It is on this latter request that the judge, after a hearing, acted favorably to the defendant on March 3, 1981. He filed an extensive memorandum of findings, rulings, and decision on the defendant's motion for relief under rule 25 (b) (2). The judge acknowledged that the evidence warranted the jury's verdict. Nevertheless, he vacated the sentence previously imposed. He concluded that, in considering a motion for entry of a finding of guilt of a lesser included crime, filed under rule 25 (b) (2), he had a task similar to that of the Supreme Judicial Court under G. L. c. 278, § 33E. A finding of guilty of manslaughter was entered, and the defendant was sentenced to a term of not more than ten years and not less than seven years in the Massachusetts Correctional Institution at Walpole. The Commonwealth appealed.

The merits of the Commonwealth's contention that the judge lacked the authority to act on the defendant's motion seeking a reduction in the jury's verdict depend on a reading of rule 25 (b) (2). Rule 25, which is set forth in full in the

margin,[2] is entitled "Motion for Required Finding of Not Guilty." Although that heading characterizes the main focus of rule 25, that rule concerns more than simply motions for required findings of not guilty. This is particularly true for rule 25 (b) (2) which deals with motions after the jury is discharged. The first sentence of rule 25 (b) (2) permits a motion for a new trial to be presented in conjunction with the renewal of a denied motion for a required finding of not guilty. The language of the rule suggests that a new motion could, and perhaps should, be filed. At least it appears unlikely that a motion, previously made, for a required finding of not guilty would have already "include[d] in the alternative a motion for a new trial."

All of this is quite apart from the second sentence of rule 25 (b) (2) which authorizes a judge, after a guilty verdict is returned, to do any one of three things (in addition, of

---

[2] "Rule 25 MOTION FOR REQUIRED FINDING OF NOT GUILTY

"(Applicable to District Court and Superior Court)

"(a) ENTRY BY COURT. The judge on motion of a defendant or on his own motion shall enter a finding of not guilty of the offense charged in an indictment or complaint or any part thereof after the evidence on either side is closed if the evidence is insufficient as a matter of law to sustain a conviction on the charge. If a defendant's motion for a required finding of not guilty is made at the close of the Commonwealth's evidence, it shall be ruled upon at that time. If the motion is denied or allowed only in part by the judge, the defendant may offer evidence in his defense without having reserved that right.

"(b) JURY TRIALS.

"(1) Reservation of Decision on Motion. If a motion for a required finding of not guilty is made at the close of all the evidence, the judge may reserve decision on the motion, submit the case to the jury, and decide the motion before the jury returns a verdict, after the jury returns a verdict of guilty, or after the jury is discharged without having returned a verdict.

"(2) Motion After Discharge of Jury. If the motion is denied and the case is submitted to the jury, the motion may be renewed within five days after the jury is discharged and may include in the alternative a motion for a new trial. If a verdict of guilty is returned, the judge may on motion set aside the verdict and order a new trial, or order the entry of a finding of not guilty, or order the entry of a finding of guilty of any offense included in the offense charged in the indictment or complaint."

course, to denying the motion in its entirety): (1) to set aside the verdict and order a new trial, (2) to order the entry of a finding of not guilty, or (3) to order the entry of a finding of guilty of any lesser offense included within the scope of the indictment or complaint. The judge elected the third of these options. In ordering entry of a finding of guilty of manslaughter, the judge did not duplicate action taken under any previously filed motion. Nor is there any time limit on the filing of a motion under the second sentence of rule 25 (b) (2). This absence of a time limit on the filing of such a motion is paralleled by the absence of any time limit on the filing of a motion for a new trial under Mass. R. Crim. P. 30 (b). We stand by our previously expressed view that rule 25 (b) (2) permits two motions, the second one of which may involve a request to set aside the verdict and to order the entry of a finding of not guilty, or to order a new trial, or to order the entry of a finding of a lesser degree of guilt. See *Commonwealth* v. *Gaulden*, 383 Mass. 543, 552 n.6 (1981); *Commonwealth* v. *Therrien*, 383 Mass. 529, 537 n.7 (1981). The distinction between a motion for a required finding of not guilty (rule 25 [b] [1] and rule 25 [b] [2], first sentence) and a motion for the entry of a finding of guilty of a lesser offense (rule 25 [b] [2], second sentence) is particularly apparent when one considers the different standards the judge should apply in passing on those separate issues.[3]

2. We come then to the Commonwealth's second contention. The Commonwealth argues that, even assuming the

[3] What we have said does not eliminate the question whether rule 25 (b) (2) should be amended to impose a limitation of time on the filing of a motion under its last sentence. Also, there is the question why, when a timely motion under the first sentence of rule 25 (b) (2) has been presented (or not presented), a separate motion raising the same issues (the question of a required finding of not guilty and perhaps a motion for a new trial) should be allowed at any time thereafter. In the case before us, however, there is no duplication of judicial effort because the judge considered only once the question of reducing the jury's verdict to guilty of a lesser included offense. Experience under rule 25 (b) (2) may suggest that this court should amend the rule to impose time limits on the filing of motions under the second sentence of rule 25 (b) (2).

judge could properly act on the request for a reduction in the degree of guilt, he had no authority to give weight to the defendant's version of the events in the face of evidence that warranted contrary findings. We have already held that "[i]n deciding whether to reduce a jury verdict to a finding of guilty of a lesser offense, a trial judge, acting under rule 25 (b) (2), should be guided by the same considerations that have guided this court in the exercise of its powers and duties under [G. L. c. 278,] § 33E, to reduce a verdict." *Commonwealth* v. *Gaulden,* 383 Mass. 543, 555 (1981). The Commonwealth's argument starts from a disadvantage because in almost every case in which this court has reduced a defendant's degree of guilt, the court concluded that the evidence warranted the jury's verdict but that, in the interests of substantial justice on a review of the entire record, the verdict the jury returned should be reduced.

On review of a judge's determination under rule 25 (b) (2) to reduce a verdict to guilty of a lesser offense, "we consider only whether the judge abused his discretion or committed an error of law." *Commonwealth* v. *Gaulden, supra* at 557. We first set forth the evidence and then test the judge's decision to see if he abused his discretion or committed an error of law.

We summarize the evidence presented by the Commonwealth. The defendant stabbed the victim in the heart between 1 A.M. and 1:30 A.M. on January 5, 1979, causing the victim's death. The victim and three male friends had arrived about midnight in a Volvo automobile at a restaurant on Route 28 in Andover. The defendant and a male friend were at one bar, and the victim and his friends at another bar, in the restaurant. The two groups had no contact at the restaurant, did not know each other, and left the restaurant separately. The victim's group drove north on Route 28. The defendant followed them in his motor vehicle, a Corvair automobile. There followed some senseless antics between the motor vehicles. Thereafter, the occupants of the Volvo pursued the Corvair in order to obtain its license plate number. The chase continued until the Volvo pulled into one

driveway of a school and the Corvair into another driveway of the school, stopping about one hundred feet apart. The victim got out of the Volvo and jogged to the Corvair. The defendant's friend left the Corvair, headed toward the Volvo, passing the victim, and engaged in a struggle with the other occupants of the Volvo. The defendant, who was trying to get out of the Corvair, struggled with the victim over the opening of the door of the Corvair. In this struggle the defendant stabbed the victim several times.

The defendant testified that, as he tried to get out of the Corvair, the victim opened the door and grabbed him with both hands. He remembered only stabbing the victim once with a knife he carried to use at work.

The Commonwealth challenges certain findings of the trial judge concerning events leading up to the struggle between the defendant and the victim because they involve his acceptance of testimony of the defendant that the jury could have disbelieved. The Commonwealth particularly objects to the judge's finding "that the circumstances in which the defendant acted were characterized by fear, confusion, and anger, and that the necessary element of malice for second degree murder was absent." In light of the judge's other conclusions, we interpret this statement not as a ruling that a verdict of guilty of murder in the second degree was not warranted but rather as a conclusion that a verdict of manslaughter "comported more closely with the weight of the evidence, and thus [would be] more consonant with justice." See *Commonwealth* v. *McCarthy*, 375 Mass. 409, 416 (1978).

We agree with the judge's statement that "[t]his is a tragic case in which a minor controversy between strangers exploded into the killing of a human being." A number of significant facts are undisputed. The judgment of the persons involved appears to have been affected by the consumption of alcohol. The defendant and the victim had had no previous confrontation. The defendant had the murder weapon in his possession. He did not leave to obtain it and return to confront the victim. At the crucial moment, the victim

sought out the defendant for confrontation. There were four persons in the victim's group and only two in the defendant's. The entire incident was characterized by senseless conduct by both groups. There was no evidence of the defendant's prior criminality.

Although each case depends on a consideration of its particular circumstances, the judge's conclusion here fits into the pattern of those cases involving senseless encounters in which, under G. L. c. 278, § 33E, we have ordered the entry of a finding of a lesser degree of guilt. See *Commonwealth* v. *Tavares, ante* 140, 157-159 (1982); *Commonwealth* v. *King,* 374 Mass. 501, 506-508 (1978); *Commonwealth* v. *Jones,* 366 Mass. 805, 807-809 (1975); *Commonwealth* v. *Kinney,* 361 Mass. 709, 713 (1972); *Commonwealth* v. *Ransom,* 358 Mass. 580, 582-583 (1971).

We grant that a judge should use his power sparingly under rule 25 (b) (2) to reduce a verdict. He should not sit as a "second jury." *Commonwealth* v. *Earltop,* 372 Mass. 199, 204 (1977). See *Commonwealth* v. *Gaulden, supra* at 555 n.9, in which we list only thirteen cases in which, between 1963 and 1981, this court exercised its power to reduce a verdict.

In passing on the question whether a finding of a lesser degree of guilt should be entered, the judge is not foreclosed from considering the defendant's testimony, particularly uncontroverted testimony, and, if he believes it, relying on it. See *Commonwealth* v. *Gaulden, supra* at 557, where we upheld the entry of a finding of manslaughter, in lieu of a verdict of guilty of murder in the second degree, in part on the basis of the defendant's uncontroverted testimony.

We conclude that the judge did not abuse his discretion in vacating the verdict of guilty of murder in the second degree and in ordering the entry of a finding of guilty of manslaughter.[4]

*Judgment affirmed.*

---

[4] In affirming the judgment we do not, of course, pass on any appellate issue that the defendant may be entitled to raise by way of appeal from his conviction of manslaughter.

LIACOS, J. (concurring). I have expressed previously my view that the Commonwealth has no right of appeal from the action of a trial judge under Rule 25 (b) (2) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 896 (1979). *Commonwealth* v. *Therrien,* 383 Mass. 529, 539 (1981) (Liacos, J., dissenting). Cf. *Commonwealth* v. *Gaulden,* 383 Mass. 543, 558 (1981) (Liacos, J., concurring). I need not restate those views here. The court, of course, has held otherwise, as to the Commonwealth's right of appeal, and I am bound by the court's decision. Accordingly, I concur in the result reached by the court in this case.