COMMONWEALTH *vs.* GARY LITTLE. No. 92-P-604. January 21, 1994. *Homicide. Practice, Criminal*, Verdict, Assistance of counsel. *Malice.*

On an indictment charging him with murder in the first degree, the defendant was convicted by a jury of so much of the indictment that charged him with murder in the second degree. On appeal, he raises two issues, (1) the trial judge committed error in denying the defendant's motion for a reduction of a verdict under Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979), and (2) his trial counsel was ineffective by not introducing in evidence a report indicating that two knives had been used in the assault on the victim.

(1) A motion for a reduction of a verdict pursuant to rule 25(b)(2) is addressed to the sound discretion of the judge. *Commonwealth* v. *Gagliardi*, 29 Mass. App. Ct. 225, 245-246 (1990). In exercising the power, a judge is guided by the same considerations that have guided the Supreme Judicial Court "in the exercise of its powers and duties under [G. L. c. 278,] § 33E[,] to reduce a verdict." *Commonwealth* v. *Gaulden*, 383 Mass. 543, 555 (1981). The Supreme Judicial Court "has used that power sparingly." *Ibid.* In deciding the motion the judge should not sit as a "second jury." *Commonwealth* v. *Earltop*, 372 Mass. 199, 204 (1977).

We have reviewed the record. Evidence of malice on the part of the defendant was particularly strong. The victim, unlike the defendant, was intoxicated to a high degree. He died as a result of fourteen stab wounds inflicted by the defendant during a fight. Several of the stab wounds penetrated several vital organs, and each by itself could have proved to be fatal. It was the defendant who introduced the knife into the fight. The victim was unarmed. In sum, the evidence satisfied the three "prongs" of malice. See *Commonwealth* v. *Souza*, 34 Mass. App. Ct. 436, 440 (1993).

This case does not fit "the pattern of those cases involving senseless encounters in which, under G. L. c. 278, § 33E, [the Supreme Judicial Court has] ordered the entry of a finding of a lesser degree of guilt." *Commonwealth* v. *Keough*, 385 Mass. 314, 321 (1982). The defendant initiated the attack and almost immediately introduced the knife into the affray. He had been carrying the knife on previous occasions. The defendant used the knife in an offensive manner, not defensively. There was no error.

(2) Trial counsel was not ineffective. The report referred to on appeal is not an autopsy report or a police report. It states, in part, "Autopsy on 1/29/90 indicates two different knives were used, this possibility as stated by medical examiner." At the trial, the medical examiner stated that because the knife was double-edged, it gave the initial appearance that more than

one knife was involved in the assault. The examiner also stated that the knife recovered from the defendant was consistent with all fourteen wounds suffered by the victim. In addition, the report was double hearsay and inadmissible in its own right.

*Judgment affirmed.*

*Denial of motion for reduction of verdict affirmed.*

*Erica M. Foster* for the defendant.

*Julia K. Holler*, Assistant District Attorney, for the Commonwealth.