NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

20-P-405

COMMONWEALTH

vs.

PAUL BRADLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a trial in the Boston Municipal Court, the jury found the defendant, Paul Bradley, guilty of assault and battery on a family or household member, a woman he had been dating for eight months, in violation of G. L. c. 265, § 13M (a). The jury acquitted him of a charge of strangulation. See G. L. c. 265, § 15D (b). On appeal he argues that his motions for required findings of not guilty at the close of the Commonwealth's case and at the close of all the evidence should have been allowed. We affirm.

Evidence is sufficient to support a conviction if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting

Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).  If the jury believed the victim, her testimony, standing alone, was sufficient to prove all the essential elements of the crime of assault and battery on a family or household member.[1]  See Commonwealth v. Santos, 100 Mass. App. Ct. 1, 3 (2021).  The Commonwealth's evidence satisfied the Latimore standard, and it did not deteriorate after the Commonwealth rested.  See Cramer v. Commonwealth, 419 Mass. 106, 112 (1994).

The defendant does not argue otherwise.  Rather, he points to evidence that he contends so severely undermined the victim's credibility regarding the assault and battery that no rational juror could convict him.  Such evidence included the victim's own testimony, corroborated by both prosecution and defense witnesses, that the defendant himself called 911; that the victim did not report the incident to the police when they responded; that, after leaving the defendant's apartment, she returned and spent the night there with him; and that she did not report the incident until one or two weeks later.  Such evidence also included the defendant's testimony, which painted an entirely different picture of the evening in question, and the testimony of the defendant's friend that when he visited the

---

[1] The victim's testimony was corroborated with photographs showing her swollen face and lips and bruises on her neck, lips, and cheeks.

2

apartment in the early morning hours the next day, the victim did not appear upset or injured.

Setting aside the complex dynamics of partner abuse that may explain the victim's behavior, see Commonwealth v. Gordon, 87 Mass. App. Ct. 322, 333 n.13 (2015), at bottom, the defendant is asking us to supersede the jury's assessment of the witnesses' credibility. This is emphatically not our function. Presented with all of the evidence described above, the properly instructed jury found the defendant guilty beyond a reasonable doubt of committing an assault and battery. "Credibility is for the jury, not for appellate courts. We will not substitute our view of a witness's credibility for that of the jury." Commonwealth v. Ford, 397 Mass. 298, 301-302 (1986).

The defendant also asserts that the verdicts were factually inconsistent, and that "justice was not served" because the jury may have "split the verdict out of caution." As an initial matter, the verdicts were not necessarily inconsistent. The jury may well have found that the Commonwealth proved the assault and battery charge beyond a reasonable doubt, but that the evidence of strangulation failed to satisfy that high standard of proof. In any event, even if the verdicts were inconsistent or the result of compromise, "[i]nconsistency of verdicts in criminal cases is not a matter for judicial inquiry." Commonwealth v. Therrien, 383 Mass. 529, 537 (1981).

3

"[T]he rule is well established in criminal cases that mere inconsistency in verdicts, one of which is an acquittal, will not render the verdict of guilty erroneous even though such inconsistency may have indicated the possibility of compromise on the part of the jury." Commonwealth v. Medeiros, 456 Mass. 52, 57 (2010), quoting Commonwealth v. Scott, 355 Mass. 471, 475 (1969).

Judgment affirmed.

By the Court (Massing, Hershfang & D'Angelo, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered: March 31, 2023.

---

[2] The panelists are listed in order of seniority.