## COMMONWEALTH *vs.* ELLIOTT S. WALSH.

Suffolk.   January 26, February 16, 1926. — March 29, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* Motion to quash, Grand jury proceedings, Verdict, Arrest of judgment, New trial, Exceptions.  *Jury and Jurors.*

A plea of not guilty to an indictment admits the validity of the indictment and, so long as the plea stands, it is not open to the defendant to attack such validity by motion.

On a motion to quash an indictment, the court will not inquire whether the evidence upon which the grand jury based the indictment was competent.

A question which might be raised at the trial of an indictment is not open on a motion for a new trial 'or for an arrest of judgment.

Where, at the trial of an indictment for perjury in two counts, the jury found the defendant guilty on the second count and not guilty on the first count and all the facts necessary to sustain the verdict on the second count were consistent with those necessary to sustain a verdict of guilty also on the first count even if not necessarily included in them, the defendant suffered no harm by the acquittal on the first count: the jury had a right to apply the evidence to one of the counts and, having exhausted its force by finding the defendant guilty on that count, were justified in returning a verdict of not guilty on the other.

INDICTMENT, found and returned on February 9, 1925, charging the defendant in three counts with perjury in testimony given by him before a master hearing a suit in equity between Frances E. Walsh as plaintiff and the defendant.

In the Superior Court, the case was tried before *Hall,* C.J., after a motion to quash the indictment and a motion to amend that motion had been heard by him and denied.  The defendant was found guilty on the second count of the indictment and not guilty on the first and the third counts, and filed motions, described in the opinion, for a new trial and in arrest of judgment, which were denied.  The defendant alleged exceptions.

*L. R. Eyges & L. Marks,* for the defendant, submitted a brief.

*M. Caro*, Special Assistant District Attorney, for the Commonwealth.

SANDERSON, J. The defendant was tried on an indictment in three counts for perjury, alleging that the false testimony was given in hearings before a master. The perjury charged in the first count is, in substance, that the defendant testified that he had given certain moneys to Frances E. Walsh and had either deposited or caused to be deposited such moneys in certain banking institutions in the city of Boston on divers days between January 1, 1922, and January 2, 1924, specifically naming an account in the Old Colony Trust Company under designation of "Edith F. Booth, Special," an account in the Suffolk Savings Bank for Seamen and Others, under the name of "Edith F. Booth," and an account in the National Union Bank to the order of "Ethel S. Walsh, E. S. Walsh, Atty." The perjury charged in the second count is, in substance, that the defendant testified that, at divers times between January 1, 1922, and January 2, 1924, he had given Frances E. Walsh certain moneys to be deposited in bank accounts in Boston; that on October 10, 1923, he had given her $300 or more to make up a deposit of $1,067.86 in the Old Colony Trust Company in the account of "Edith F. Booth, Special"; and that the remainder was made up of a check therein described. The defendant was convicted on the second count and acquitted on the first and third.

The exceptions argued relate (1) to the overruling of a motion and an amended motion to quash the indictment; (2) to the order overruling a motion for a new trial; and (3) to the denial of the defendant's motion in arrest of judgment and motion to amend the motion in arrest of judgment.

The defendant, being arraigned on February 10, 1925, pleaded not guilty to the indictment, and ten days were allowed to file pleas. On February 17, 1925, he filed a motion to quash the indictment, assigning as reasons that the four witnesses who appeared before the grand jury had no personal knowledge of the alleged perjury and their evidence was hearsay and incompetent, and that no competent evidence to prove perjury was presented to the grand jury.

On March 9, 1925, the defendant filed a motion to amend his motion to quash by adding the allegation that the indictment was returned on unsworn testimony. The motion to quash was overruled on March 5, 1925, and the motion to amend the motion to quash was denied. The defendant, in addition to saving an exception, claimed an appeal from this order. The defendant, instead of availing himself of the right reserved to him by the court to file pleas within ten days from the date of his plea of not guilty, filed a motion to quash. The plea of not guilty admitted the validity of the indictment, and so long as that plea stood it was not open to the defendant to attack its validity by motion. *Commonwealth* v. *Wakelin*, 230 Mass. 567, 570. *Lebowitch, petitioner*, 235 Mass. 357. *Commonwealth* v. *Leventhal*, 236 Mass. 516. But if it be assumed that the motion to quash was in the nature of a plea and the question sought to be raised is open, there is no merit in the defendant's contention. The court will not inquire whether competent evidence was heard by the grand jury. *Commonwealth* v. *Woodward*, 157 Mass. 516. *Commonwealth* v. *Hayden*, 163 Mass. 453. *Commonwealth* v. *Harris*, 231 Mass. 584. *Commonwealth* v. *McNary*, 246 Mass. 46, 54.

The motion in arrest of judgment and the motion to amend that motion, and the motion for a new trial, are based principally upon the contention that the defendant, having been found not guilty on the first count, could not be found guilty on the second because the allegations in the first count included the allegations in the second; that the verdicts are inconsistent, repugnant and void; that on the first count he was in jeopardy for the identical matter upon which he was tried upon the second count; and that he pleads the acquittal on that count in bar to a judgment on the second count.

So far as appears in the record the defendant made no requests for rulings as to the verdict which might be rendered on the counts, and saved no exception to the charge. The only exception to the verdict, saved when it was returned, was to the direction the judge then gave to the clerk that the verdict on the second count should be recorded before the verdict on the first; this exception not having been argued

is treated as waived. A question which might be raised by exception at the trial is not open on a motion for a new trial or in arrest of judgment. *Commonwealth* v. *Peach*, 239 Mass. 575. The counts charge in different forms of statement perjury committed before a master in the hearing on one case; and upon the allegations in the first and second counts it must be assumed that the evidence relating to the second count was admissible and would have justified a conviction on the first count. Where all the facts necessary to sustain the count on which a verdict of guilty was returned are consistent with those necessary to sustain a count on which the jury returned a verdict of not guilty, even if not necessarily included in them, the defendant suffers no harm by the acquittal. *Commonwealth* v. *Lowrey*, 158 Mass. 18. The jury had the right to apply the evidence to one of the counts and, having exhausted its force by finding the defendant guilty on that count, were justified in returning a verdict of not guilty on the other. *Commonwealth* v. *Edds*, 14 Gray, 406. *Commonwealth* v. *Dow*, 217 Mass. 473. There is no repugnancy or inconsistency in such a result reached by the jury in determining the issues under one indictment. The order in which the verdicts on the different counts are announced to the court is of no importance, and the statute protecting a defendant from answering on a second indictment or complaint for a crime of which he has been acquitted upon the facts and merits has no application. G. L. c. 263, § 7.

All questions argued have been considered and no reversible error is shown.

*Exceptions overruled.*
*Appeal dismissed.*