COMMONWEALTH vs. ROY W. WHITE, JR.

Middlesex.    May 7, 1973. — June 4, 1973.

Present: TAURO, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal*, Verdict, New trial.

There was no inconsistency in a jury's finding a defendant guilty of
   second degree murder. and not guilty of armed robbery.  [683–684]
Where a defendant was convicted of second degree murder, there
   was no basis under G. L. c. 278, §§ 33A–33G, for granting a new
   trial or other relief.  [685]

INDICTMENT found and returned in the Superior Court
on March 3, 1971.

The case was tried before *Tomasello*, J., and a motion
for a new trial was heard by him.

The case was submitted on briefs.

*Gerald Alch & John A. Daly* for the defendant.

*John J. Droney*, District Attorney, *Terence M. Troyer
& Barbara A. H. Smith*, Assistant District Attorneys,
for the Commonwealth.

WILKINS, J.    The defendant appeals, under G. L.
c. 278, §§ 33A–33G, from the denial of his motion for a
new trial after a jury found him guilty of murder in
the second degree (on an indictment charging murder
in the first degree) and not guilty of armed robbery.  He
claims that the murder conviction should not be allowed
to stand because the jury verdicts are inconsistent, argu-
ing that "it is factually impossible for the defendant to
have murdered the deceased and not to have incurred
thereby guilt of the crime of robbery."   No other ques-
tion has been argued to us.

The jury could have found the following facts.   The
victim, the defendant, one Pisa (who before the defend-
ant's trial had already been convicted of murder of the
victim) and three other men engaged in a considerable

amount of drinking one night in September, 1969. After several hours of drinking and driving around in search of further liquor, the victim, who worked as a security guard, was noticed to have a gun. Pisa took it away from him. The defendant took the bullets from the gun. Sometime later the victim was knocked unconscious, and Pisa and the defendant dragged the victim to the side of the road and left him. The defendant drove the car a short distance, said "He can recognize us," stopped the car and backed up. The defendant and Pisa got out of the car. The victim was shot three times by either Pisa or the defendant. After the defendant and Pisa got back in the car, they were seen to have a wallet, a ring and a watch, which inferentially had been property of the victim.

The judge charged the jury on each of the possible legal bases for conviction of the defendant of first and second degree murder. After deliberating for about five hours, the jury presented written questions to the judge.[1] Among the questions was the following: "please define the distinction between a non-interfering witness to a crime and the partner in concert for a first-degree murder, a second-degree murder." After acknowledging the question to be "a bit confusing," the judge undertook an explanation. As part of the explanation, but by no means as a sole explanation, the judge described the legal consequences of a homicide in the course of the commission of a felony, such as an armed robbery.

The defendant contends that the judge so presented the case to the jury that they could not have found the defendant guilty of murder without concluding that he participated in an armed robbery. Because the jury found him not guilty of armed robbery, so the argument goes,

---

[1] The defendant unaccountably asserts in his brief that the jury deliberated for approximately nine hours before asking questions of the judge and returned their verdicts within one hour after the judge answered the questions. The transcript shows that the jury began deliberations at 11:54 A.M. on November 18, 1971, came in at 5:05 P.M. that day to hear answers to their written questions, resumed deliberations at 5:18 P.M. and returned their verdicts about 10:30 P.M. that night.

the verdicts of guilty on the murder indictment and acquittal on the armed robbery indictment are inconsistent, and the defendant should be granted a new trial on the murder indictment.   There was no error in denying the defendant's motion for a new trial.

In numerous instances this court, upon analyzing the particular facts and the crimes charged, has concluded that allegedly inconsistent verdicts in fact present no inconsistency because the verdicts are capable of logical reconciliation.   *Pettes* v. *Commonwealth,* 126 Mass. 242, 244.   *Commonwealth* v. *Donovan,* 170 Mass. 228, 242. *Commonwealth* v. *Dow,* 217 Mass. 473, 484.   *Commonwealth* v. *Haddad,* 250 Mass. 391, 398.   *Commonwealth* v. *Bloomberg,* 302 Mass. 349, 356.   *Commonwealth* v. *Berryman,* 359 Mass. 127, 129.   This is such a case.

There was no irrational inconsistency in the verdicts. The jury would have been warranted in finding the defendant guilty of murder in the second degree without finding that the crime of armed robbery was committed by the defendant.   The defendant's trial counsel in fact argued to the jury that there was reasonable doubt whether the defendant was guilty of armed robbery.[2] Certainly the jury could reasonably have concluded that the evidence did not establish beyond a reasonable doubt that the defendant was guilty of armed robbery.[3]

Even if there had been an inconsistency in the verdicts, there would be no error because in criminal cases inconsistent jury verdicts, one of which is an acquittal, do not constitute reversible error.   *Commonwealth* v. *Lowrey,* 158 Mass. 18, 20–21.   *Commonwealth* v. *Walsh,* 255 Mass. 317, 320.   *Commonwealth* v. *McCarthy,* 348 Mass.

---

[2] There was no direct evidence that the defendant and Pisa joined in an attempt to steal property from the victim.   There was evidence that Pisa, while apparently unarmed, took the victim's gun from him sometime before the murder.   There was testimony from one witness, who might not have been believed in this respect, that after the victim had been shot, "they had a wallet . . . a ring and . . . a watch which they were passing among each other."

[3] Without objection from the defendant, the judge did not charge the jury concerning their right to find the defendant guilty of any lesser, included offence.

363 Mass. 685                                                    685

Massachusetts Mut. Life Ins. Co. *v.* Commissioner of Corps. & Taxn.

7, 14, and authorities cited. *Commonwealth* v. *Scott,* 355 Mass. 471, 475. *Dunn* v. *United States,* 284 U. S. 390. See Annotations, 16 A. L. R. 3d 866, and 18 A. L. R. 3d 259.

Our review of the entire case, which we have conducted under G. L. c. 278, §§ 33A–33G, on an appeal from the denial of a motion for a new trial, discloses no basis for a new trial nor any basis for granting any other relief to the defendant.

*Judgment affirmed.*