COMMONWEALTH *vs.* DOUGLAS S. MCCOMBE. June 23, 1977. The defendant was indicted for assault with a dangerous weapon and rape. At trial the person named as the victim in both indictments testified that she had submitted to the defendant's advances because he had threatened her with a knife. The jury convicted the defendant of rape but acquitted him on the indictment for assault. He has appealed (G. L. c. 278, §§ 33A-33H) from the denial of his motion for a new trial on the indictment for rape, claiming that he is entitled to a new trial on that indictment by reason of an inconsistency between the jury's ver-

dicts on the two indictments. There was no error. 1. It is settled under our law that an inconsistency in a jury's interpretation of the evidence offered in support of two indictments does not require a new trial of the one indictment on which the defendant is convicted. *Commonwealth* v. *McCarthy,* 348 Mass. 7, 14 (1964). *Commonwealth* v. *Scott,* 355 Mass. 471, 475 (1969). *Commonwealth* v. *White,* 363 Mass. 682, 684-685 (1973), and cases cited. A different result is reached when conviction on both indictments is a legal impossibility. See *Commonwealth* v. *Haskins,* 128 Mass. 60, 61 (1880); *Commonwealth* v. *Carson,* 349 Mass. 430, 434-436 (1965). 2. It is not argued that the judge abused his discretion in denying the motion.

*Order denying motion for
new trial affirmed.*

The case was submitted on briefs.
*Susan Baronoff* for the defendant.
*Lance J. Garth,* Assistant District Attorney, for the Commonwealth.