COMMONWEALTH *vs.* ARTHUR LOWE, JR. December 16, 1985. *Practice, Criminal*, Verdict. *Breaking and Entering. Intent.*

On evidence that the defendant, continuing an earlier altercation, arrived at the victim's friend's apartment with a meat cleaver, smashed in the door (which had been locked to prevent the defendant's entry), and assaulted

---

the victim with fists and the flat side of the cleaver, knocking out several of the victim's teeth, the jury found the defendant guilty of breaking and entering a dwelling in the nighttime with intent to commit a felony (G. L. c. 266, § 16) and assault and battery, but acquitted him of armed assault in a dwelling and assault and battery by means of a dangerous weapon. Acknowledging the rule that inconsistent verdicts in criminal cases, where one is an acquittal, do not require a new trial (recent cases considering the rule include *Commonwealth* v. *Therrien*, 383 Mass. 529, 537 [1981]; *Commonwealth* v. *Sherry*, 386 Mass. 682, 698 [1982]; *Commonwealth* v. *Diaz*, 19 Mass. App. Ct. 29, 33 [1984]), the defendant attempts to distinguish this case on the ground that the two not guilty verdicts were not merely factually inconsistent with the conviction under G. L. c. 266, § 16, but logically negated the existence of an element necessary to conviction under that section: namely, the intent to commit a felony. (As to the viability of the distinction, consider *Commonwealth* v. *Walsh*, 255 Mass. 317, 320 [1926]; *Commonwealth* v. *Scott*, 355 Mass. 471, 475 [1969]; *Commonwealth* v. *McCombe*, 5 Mass. App. Ct. 842, 843 [1977]; *Commonwealth* v. *Diaz, supra*, n.3.)

Correctly analyzed, however, the claimed inconsistency here is factual rather than logical, because one may have the intent to commit a felony at the time he breaks and enters and, for whatever reason, not commit the felony or, as in *Commonwealth* v. *Ronchetti*, 333 Mass. 78, 82 (1955), commit a different crime. As the judge explained, the jury may have inferred from the defendant's procuring the cleaver and entering with it that he originally intended to use it or have it available for use; then, drawing inferences (as defense counsel urged) from the victim's injuries, decline to believe the evidence that the defendant employed the cleaver either in the assault or in the battery that followed. Compare *Commonwealth* v. *White*, 363 Mass. 682, 684 (1973). The result probably would be the same if the verdicts could not be reconciled factually, *id.*, because "[t]he rule recognizes the power, possibly salutary, of juries to compromise and to act out of leniency." *Commonwealth* v. *Diaz, supra*, at 33.

*Judgments affirmed.*

*Howard S. Sasson* for the defendant.
*William T. Walsh*, Jr., Assistant District Attorney, for the Commonwealth.