## COMMONWEALTH vs. CLAUDE HARRISON.

No. 86-723.

Suffolk.  December 7, 1987. — January 12, 1988.

Present: GRANT, SMITH, & FINE, JJ.

*Burning of Property. Practice, Criminal,* Appeal by Commonwealth, Verdict.

Where the jury at a criminal trial returned verdicts of guilty on an indictment charging arson of a building with intent to defraud its insurer and not guilty on a separate indictment charging the lesser included offense of arson of a building, it was error for the judge, on the basis of the inconsistency of the verdicts, to allow the defendant's motion under Mass.R.Crim.P. 25 (b) (2) for a required finding of not guilty, where the evidence was sufficient to warrant the jury in finding beyond a reasonable doubt that the defendant had committed the offense of which they convicted him. [269-270]

INDICTMENT found and returned in the Superior Court Department on October 12, 1984.

The case was tried before *Guy Volterra*, J.

*Jane A. Donohue*, Assistant District Attorney, for the Commonwealth.

GRANT, J.  Arson of a building (G. L. c. 266, § 2, as amended by St. 1948, c. 43, § 2) is a lesser included offence within arson of a building with intent to defraud or injure its insurer (G. L. c. 266, § 10, as appearing in St. 1932, c. 192, § 7). *Commonwealth* v. *Shuman,* 17 Mass. App. Ct. 441, 449-451 (1984). The Commonwealth, apparently unmindful of that proposition, secured indictments of the defendant for both offences and put him to trial on both indictments. The evidence in support of both indictments was identical and disclosed that the defendant had lured an employee into setting fire to the defendant's variety store. The lure consisted of the defendant's promise of a share of the anticipated insurance

proceeds. The defendant moved without success for a required finding of not guilty (Mass.R.Crim.P. 25[a], 378 Mass. 896 [1979]) at the close of the Commonwealth's case and again at the close of all the evidence.

In his charge to the jury, the judge gave separate explanations of the elements of the offences set out in G. L. c. 266, §§ 2 and 10, respectively. Each explanation was prefaced by a reading of the relevant statutory provisions through the words "shall be punished." Immediately following his reading of the quoted words from § 10, the judge advised as follows: "Now . . . I have used the words 'shall be punished' twice . . . . The matter of punishment is of no interest to you. You are to deal solely with the facts in this case and not concern yoursel[ves] one way or another with considerations of sympathy in respect to the issue of punishment." The judge then instructed the jury to return a separate verdict on each indictment. He was not requested to, nor did he, give an instruction on the doctrine of lesser included offences or any instruction designed to avoid the possibility of duplicitous or inconsistent verdicts. There was no objection by either side.

Not long after commencing their deliberations the jury sent in the following question: "On the indictment of fraud, the wording is similar to the indictment of arson. On charge of fraud, there contains similar charge of arson. Can you clarify?" The following occurred in the course of a bench conference on how the question should be answered: "THE JUDGE: Obviously, if there is a verdict of not guilty on arson, I do not see how a verdict of guilty of burning with intent to defraud would stand. Judgment NOV, wouldn't it? DEFENSE COUNSEL: That's right. THE PROSECUTOR: Judge, the jurors can come up with almost any verdict." The judge thereupon advised the jury, among other things, that "these two charges are separate and distinct and they hang independently of each other" and that "they have separate and distinct elements. Indictment 049095 has the additional element which must be shown by proof beyond a reasonable doubt that the building was at the time of the fire insured." Again, there was no instruction designed to avoid duplicitous or inconsistent verdicts. Both counsel pronounced themselves satisfied with the further instructions.

As the reader may have surmised by now, the jury brought in verdicts of not guilty of arson and guilty of arson with intent to defraud the insurer. Neither counsel appears to have perceived any problem.[1] The judge was not asked to, nor did he, give the jury any instructions with respect to the question of inconsistent verdicts which might have been resolved by the jury in the course of further deliberations. Contrast *Commonwealth* v. *Diaz*, 19 Mass. App. Ct. 29, 31-36 (1984). He simply allowed the clerk to affirm and record the verdicts. The judge excused the jury and deferred sentencing in order to provide time for further consideration of the problem raised by the verdicts. The defendant interposed a timely motion under Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979), for a required finding of not guilty on the indictment for arson with intent to defraud the insurer.

The transcript of the next hearing discloses that the judge and counsel were by then aware of the *Shuman* case. There was no discussion of whether the evidence was sufficient to warrant a finding of guilty on the indictment for arson with intent to defraud, which was the question raised by the defendant's motion. The only discussion was directed to the question of what should be done about the inconsistent verdicts. Several days later, the judge placed an endorsement on the defendant's motion by which he ordered the entry of a judgment of acquittal on the indictment for arson with intent to defraud because the jury had acquitted the defendant of the lesser included offence of arson. The reasoning appears to have been that if the defendant was not guilty of arson, he could not be guilty of arson with intent to defraud. The Commonwealth appealed.[2]

---

[1] The assistant district attorney present at this point was not the one who had put in the Commonwealth's case and cross examined the defendant.

[2] The appeal does not fall within the literal wording of Mass.R.Crim.P. 25(c)(1), 389 Mass. 1107 (1983), because the order complained of was not one based on the insufficiency of the evidence to warrant a finding of guilty or one ordering the entry of a finding of guilty of a lesser included offence. The Commonwealth would clearly have had a right of appeal under Mass.R.Crim.P. 30(c)(8), 378 Mass. 902 (1979), if the defendant had persuaded the judge to grant him the same relief on a motion under Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979). *Commonwealth* v. *Cook*, 380 Mass. 314, 319 n.7 (1980). We think the appeal in this case falls within the spirit (*Commonwealth* v. *Sacco*, 401 Mass. 204, 206 n.2 [1987]), if

The ruling complained of was erroneous. "Inconsistency of verdicts in criminal cases is not a matter for judicial inquiry." *Commonwealth* v. *Therrien*, 383 Mass. 529, 537 (1981). The cases of both our appellate courts have uniformly held that factual inconsistencies in verdicts rendered in the same case do not afford a ground for setting aside a conviction.[3] See, e.g., *Commonwealth* v. *Walsh*, 255 Mass. 317, 319-320 (1926); *Commonwealth* v. *Scott*, 355 Mass. 471, 475 (1969); *Commonwealth* v. *White*, 363 Mass. 682, 682-684 (1973); *Commonwealth* v. *Bowman*, 373 Mass. 760, 762 n.2 (1977); *Commonwealth* v. *McCombe*, 5 Mass. App. Ct. 842, 843 (1977); *Commonwealth* v. *Diaz*, 19 Mass. App. Ct. at 31-33; *Commonwealth* v. *Lowe*, 21 Mass. App. Ct. 934, 935 (1985).[4] The *Walsh, White* and *McCombe* cases all presented factual inconsistencies closely resembling the one in this case.[5]

not the letter (*Commonwealth* v. *Therrien*, 383 Mass. 529, 532-536 [1981]), of the authorization to appeal found in (2) of the second paragraph of G. L. c. 278, § 28E, as appearing in St. 1979, c. 344, § 45.

[3] We are not here dealing with inconsistent verdicts which are impossible as matter of law. See *Commonwealth* v. *Haskins*, 128 Mass. 60, 61 (1880); *Commonwealth* v. *Carson*, 349 Mass. 430, 435-436 (1965); *Commonwealth* v. *Sherry*, 386 Mass. 682, 698 (1982); *Commonwealth* v. *McCann*, 16 Mass. App. Ct. 990, 991 (1983); *Commonwealth* v. *Diaz*, 19 Mass. App. Ct. at 33 n.3.

[4] The same rule obtains in the Federal courts. See *Dunn* v. *United States*, 284 U.S. 390, 393-394 (1932) (Holmes, J.); *United States* v. *Powell*, 469 U.S. 57, 64-69 (1984); Model Penal Code § 1.07, at 112-114 (1985); 3 Wright, Federal Practice and Procedure § 514, at 15-16 (2d ed. 1982) ("An acquittal on one count does not prevent conviction on another, even though the evidence is the same and defendant could not have committed one crime without committing both, so long as the evidence is sufficient to support conviction on the count on which a guilty verdict was reached").

[5] We think it likely that the jury in this case were prepared to convict on both indictments but were concerned with the aspects of the original charge highlighted in the text of this opinion, and with the opaque response to their effort to secure clarification of the differences between the two offences, and feared that convictions on both indictments might result in multiple punishments for what laymen could regard as a single offence. The jury need not have had any such fear because, if they had convicted on both indictments, the judge would have been required to sentence on one indictment and dismiss the other. *Kuklis* v. *Commonwealth*, 361 Mass. 302, 305-309 (1972). *Commonwealth* v. *Jones*, 382 Mass. 387, 392-397 (1981). *Commonwealth* v. *Shuman*, 17 Mass. App. Ct. at 451-452.

The required finding of not guilty entered on indictment no. 049095 is set aside, the verdict of guilty is to stand, and the defendant is to be sentenced on that indictment.

*So ordered.*