## COMMONWEALTH vs. JOHN JOSEPH ELLIFFE.

No. 98-P-638.

Suffolk. May 25, 1999. - August 16, 1999.

Present: ARMSTRONG, BROWN, PERRETTA, JACOBS, & GELINAS, JJ.

*Evidence,* Credibility of witness. *Practice, Criminal,* Required finding, Verdict. *Assault and Battery. Threatening.*

The words "Drop the charges!" when viewed in the context of a criminal defendant's angrily shouting them while physically assaulting and battering the victim warranted a District Court judge's denial of the defendant's motion for a required finding of not guilty on a complaint of threatening to commit a crime. [582-583]

At a criminal trial, the judge correctly denied the defendant's motion brought under Mass.R.Crim.P. 25(b)(2) for asserted inconsistencies in the verdicts, where there had been sufficient evidence to permit submission of the case to the jury under the standard set forth in *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979), and where the defendant's evidence at trial had caused no deterioration of the Commonwealth's case. [583-584]

Assertedly factually inconsistent verdicts in a criminal case did not provide a basis for the grant of a new trial or a judgment of not guilty on the remaining complaint. [584-585]

COMPLAINT received and sworn to in the Dorchester Division of the District Court Department on February 3, 1997.

The case was tried before *Kathleen E. Coffey,* J.

*Darla J. Mondou* for the defendant.

*Alex Philipson,* Assistant District Attorney, for the Commonwealth.

GELINAS, J. The defendant was tried by a jury of six on complaints of assault and battery (G. L. c. 265, § 13A) and threatening (G. L. c. 275, §§ 2, 3, 4).[1] They returned verdicts of

---

[1]General Laws c. 275, § 2, states: "If complaint is made to any such court or justice that a person has threatened to commit a crime against the person or property of another, such court or justice shall examine the complainant and any witnesses who may be produced, on oath, reduce the complaint to writing

not guilty of assault and battery and guilty of threatening. On appeal, the defendant alleges that (a) the Commonwealth's evidence was legally insufficient, and (b) the verdicts were inconsistent, requiring an acquittal on both charges. We affirm.

We present the facts, as we must, in the light most favorable to the Commonwealth. See *Commonwealth* v. *Hilton*, 398 Mass. 63, 64-65 (1986). Theresa Nolan, the victim, had been married to the defendant for eight years. They subsequently divorced, and she was given custody of their two children. At trial, she testified[2] that against her will and without proper notice the defendant had taken their two minor children to Ireland for a two-week vacation in August of 1996. She did not want the children to accompany their father until support payments which he owed were made current. As a result, Nolan made application for a criminal complaint against the defendant pursuant to G. L. c. 265, § 26A, alleging familial kidnapping. The complaint issued. The vacation ended. The parties resumed their routine of custody and visitation, with the criminal charge still pending.

As to events giving rise to the instant complaints, on November 25, 1996, a Monday, the defendant returned the children from a weekend visit so that they could dress for school. Nolan became angry with the defendant when he did not arrive until 8:00 A.M., which was the time that they were due at school. Moreover, both the defendant and Nolan were due at the Dorchester District Court at 8:30 A.M. regarding the kidnapping charges. When confronted with the tardy return of the children, the defendant "became very, very angry," "came to within two feet of [the victim] as [they] argued," "head butted [the victim]," "put [the victim] in a headlock," "knocked [the victim] to the floor," and "repeatedly yelled, 'Drop the

and cause it to be subscribed by the complainant." The complaint in this case read: "did threaten to commit a crime against the person or property of another, to wit: [t]o do bodily harm, in violation of G. L. c. 275, § 2," implicating the crime of battery.

[2]The transcript contains numerous inaudible notations with respect to questions, answers, and judicial rulings. It is counsels' obligation to provide an adequate record, *Commonwealth* v. *O'Connor*, 420 Mass. 630 (1995), and in court rooms where acoustics are problematic counsel should take extra care to be sure recording devices are in working order and microphones properly placed. Counsel may request that court personnel determine whether the record is being properly kept. Neither party complains of an insufficient record, and we find the record sufficient to decide this case. See *Commonwealth* v. *Woody*, 429 Mass. 95, 98 (1999).

charges!' " The victim immediately reported the incident to the prosecutor's office and to her mother although she did not complain to the police until January of the following year. The victim was the only witness for the Commonwealth.

As sole witness in his own defense, the defendant testified that the incident as described had never occurred. He claimed that when he returned the children that morning the victim was upset; he therefore brought the children to the door of the apartment and then waited in the car, never going into the home. When the children did not appear after a time, he left to go to the Dorchester Court. He denied striking the victim or suggesting that she drop the charges.

At the close of the Commonwealth's evidence the defendant moved for a required finding of not guilty pursuant to Mass.R. Crim.P. 25(a), 378 Mass. 896 (1979); the judge denied the motion. The defendant did not renew the motion after all the evidence was closed. However, after a verdict of guilty on the charge of threatening, he moved pursuant to Mass.R.Crim.P. 25(b)(2) for a required finding of not guilty notwithstanding the verdict, arguing that the words "Drop the charges!" alone were not sufficient to constitute a threat. The judge denied that motion as well, and the defendant appealed from the denial of both motions.

The defendant first argues that the Commonwealth's evidence, as presented, was fatally lacking, specifically, that nothing in his conduct constituted a threat of future harm. We disagree. The word "threatened" is not defined in G. L. c. 275, § 2. In law, "threatened" has universally been interpreted to require more than the mere expression of intention. "The elements of threatening a crime include an expression of intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat." *Commonwealth* v. *Robicheau*, 421 Mass. 176, 183 (1995). *Commonwealth* v. *Ditsch*, 19 Mass. App. Ct. 1005, 1005 (1985), citing *Robinson* v. *Bradley*, 300 F. Supp. 665, 668 (D. Mass. 1969). See *Commonwealth* v. *Chalifoux*, 362 Mass. 811, 816 (1973). While in this case the words "drop the charges" of themselves do not constitute "an expression of intention to do bodily harm or to inflict any other evil, injury or damage," they must be interpreted in the context of the actions and demeanor which accompanied them; when viewed together they may constitute the requisite expression, and may indicate additionally, in the circumstances, ability and apprehension.

A motion for required finding of not guilty presented at the close of the Commonwealth's evidence pursuant to Mass.R. Crim.P. 25(a) is reviewable under the familiar standard articulated in *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979). The evidence that the defendant repeatedly shouted, "Drop the charges!" while he was "very very angry," "standing two feet from [the victim]," and physically assaulting and battering her, could permit a jury to draw the reasonable inference that if she did not "drop the charges" additional violence, either presently or in the future, would follow. See *Commonwealth* v. *Gordon*, 407 Mass. 340, 350 (1990); *Commonwealth* v. *Johnson*, 41 Mass. App. Ct. 81, 87 (1996). The motion at the close of the Commonwealth's evidence was properly denied.

After the jury had returned their verdict of guilty on the charge of threatening and had been discharged, but before sentencing on the same day, the defendant asked "to make a motion." The judge acquiesced, and the defendant argued that because the jury returned a verdict of not guilty on the assault and battery charge, the threatening charge could not stand solely on the defendant's saying the words "drop the charges" and thus the defendant should be found not guilty.[3] He renews this argument on appeal.

As counsel suggested to the judge in argument that there were possible inconsistencies in the verdict and there had been no motion for a required finding at the close of all the evidence, we consider the motion as brought under the second sentence of rule 25(b)(2).[4] The rule sets forth three options for the judge "in addition, of course, to denying the motion in its entirety." *Commonwealth* v. *Keough*, 385 Mass. 314, 318 (1982). While consideration on appeal of a trial judge's decision whether to grant a new trial or to enter a finding of a lesser offense is reviewed under an abuse of discretion standard, *Commonwealth* v. *Keough*, *supra* at 319; *Commonwealth* v. *Doucette*, 408 Mass. 454, 455-456 (1990), review on appeal of action on a motion

---

[3]Verbal motions under rule 25(b)(2) are permissible although better practice calls for such motions to be in writing. See Smith, Criminal Practice and Procedure § 1906 (2d ed. 1999).

[4]"If a verdict of guilty is returned, the judge may on motion set aside the verdict and order a new trial, *or order the entry of a finding of not guilty*, or order the entry of a finding of guilty of any offense included in the offense charged in the indictment or complaint" (emphasis supplied).

for a required finding of not guilty brought under the second sentence of rule 25(b)(2) is reviewed under the standard set forth in *Commonwealth* v. *Latimore, supra.* See *Commonwealth* v. *Doucette, supra.*

As previously discussed, at the close of the Commonwealth's case, there was sufficient evidence to permit submission of the case to the jury under the *Latimore* standard. As the second motion was made after the verdict, we need determine whether the defendant's evidence caused the Commonwealth's case to deteriorate. *Commonwealth* v. *Kelley,* 370 Mass. 147, 150 n.1 (1976). *Commonwealth* v. *Gilbert,* 423 Mass. 863 (1996). *Commonwealth* v. *James,* 424 Mass. 770 (1997). The defendant only denied the victim's version of the event; such evidence goes to credibility and weight and is thus the province of the jury, *Commonwealth* v. *Gilbert, supra*; *Commonwealth* v. *James, supra.* See *Commonwealth* v. *Hastings,* 22 Mass. App. Ct. 930 (1986). When considering a motion for required finding of not guilty, issues of credibility are resolved in favor of the Commonwealth. *Commonwealth* v. *Ruci,* 409 Mass. 94, 96 (1991). *Commonwealth* v. *James, supra.* The defendant's evidence at trial caused no deterioration of the Commonwealth's case. Under the standard in *Latimore,* there was sufficient evidence to submit the case to the jury.

Finally, we address the defendant's argument that acquittal on the charge of assault and battery should affect application of the *Latimore* standard or cause the Commonwealth's case to deteriorate. In his brief, he suggests that, due to the apparently conflicting nature of the verdicts here the judge was obligated, under the general justice-promoting mandate of Mass.R.Crim.P. 25(b)(2), either to order a new trial or to enter a judgment of not guilty. Passing over the question whether the verdicts reflect any inconsistency, we need only say that a defendant is not entitled to relief where a jury returns factually inconsistent verdicts; problems arise only where verdicts are legally inconsistent — i.e., where, removed from the factual context of the particular case, the government could not possibly have proved the elements of both crimes with respect to the defendant. The classic and oft-quoted example involves the crimes of larceny and receiving stolen goods. See *Commonwealth* v. *Harrison,* 25 Mass. App. Ct. 267, 270 (1988) (factually inconsistent verdicts do not provide basis for reversal). See also *Commonwealth* v. *Carson,* 349 Mass. 430, 436 (1965)

(on distinction between factually and legally inconsistent verdicts). In many cases, verdicts are the product of difficult compromise on the part of individual jurors. Speculation on reasons for the jury's verdict of not guilty on the charge of assault and battery and its effect on the charge of threatening is fruitless. A finding of not guilty can result from factors having nothing to do with actual guilt. See *Commonwealth* v. *Cerveny*, 387 Mass. 280, 285 (1982); *Commonwealth* v. *Harrison, supra.*

*Judgment affirmed.*