The defendant, Danny M. Jimenez, was convicted, after a bench trial, of operating a motor vehicle under the influence of intoxicating liquor (OUI), second offense. His sole claim on appeal is that the evidence was insufficient to prove beyond a reasonable doubt that he was "under the influence." We affirm.
Background. We recite the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). The events at issue began when a car turned onto Sandwich Road in Falmouth in front of Officer Chad Leighton. Shortly thereafter, "the vehicle quickly made an abrupt right turn while going straight ... nearly striking the curb, crossing the fog line with both right-side tires." Leighton pulled the vehicle over.
The defendant was driving, with one passenger. Leighton asked the defendant what had happened. The defendant explained that "he was looking at his phone or doing something with his phone." Although he denied having been drinking, his breath emitted a "very strong odor of alcohol." His eyes were bloodshot and glassy, and his speech was "slurred and very deliberate." Leighton asked the defendant to count down from one hundred to eighty. The defendant counted well into the seventies, then ended with "blah, blah, blah, blah." When Leighton asked if the defendant had understood what number he had been asked to count to and what number he had been asked to count from, the defendant replied "99," then said he wasn't listening.
Leighton had the defendant "exit the vehicle for some further testing." Getting out of the driver's seat, the defendant held on to the car "to catch his balance before falling over." He was able to stay upright as he walked to a position behind the car. Leighton had the defendant perform a nine-step walk and turn test. "He had a difficult time following directions. He used his arms for balance. And so, he completed the test, he didn't count aloud as-as directed."
Leighton placed the defendant under arrest and gave him his Miranda warnings. Conducting an inventory of the vehicle, Leighton noted "several nip bottles in the vehicle, four of 'em being at the feet of where [the defendant] was seated, empty bottles."
Leighton drove the defendant to the police station for booking. During the drive and booking, within thirty minutes of having been read his rights, the defendant became extremely rude and belligerent. He complained that Leighton had not read him his rights, and he called the booking officer "an asshole several times." At one point he took a stance as if he were about to assault the officers. During the booking process the defendant looked "disheveled and just out of sorts." His breath still had an odor of alcohol, and his speech was still slurred. Both officers formed the opinion that the defendant was intoxicated.[2]
Discussion. When evaluating the sufficiency of the evidence, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713 (2014).
To support an OUI conviction, the Commonwealth must prove three elements: "(1) operation of a vehicle, (2) on a public way, (3) while under the influence of alcohol." Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995). "[T]o be driving while under the influence of liquor a person need not be drunk." Commonwealth v. Connolly, 394 Mass. 169, 172 (1985). Moreover, the Commonwealth is not required to prove "that the defendant actually drove in an unsafe or erratic manner, but it must prove a diminished capacity to operate safely." Id. at 173.
Given the evidence of the defendant's erratic driving, the empty nip bottles, the odor of alcohol on his breath, his glassy and bloodshot eyes, his difficulty with the sobriety tests, his belligerence during the arrest, and the officers' opinions that he was intoxicated,[3] a rational trier of fact could conclude beyond a reasonable doubt that the defendant had been driving with diminished capacity. See Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 321 (1994). The fact that the judge did not convict the defendant of negligent operation and found him not responsible with respect to the open containers does not preclude the judge's consideration of this evidence with respect to the OUI charge. See Commonwealth v. Elliffee, 47 Mass. App. Ct. 580, 583-585 (1999).
As the evidence satisfies the Latimore standard, which is based on Jackson v. Virginia, 443 U.S. 307, 318-319 (1979), see Latimore, 378 Mass. at 677-678, the conviction is consistent with the defendant's State and Federal due process rights.
Judgment affirmed.

Leighton added that he based his opinion on "numerous interactions with [the defendant] over the past few years" in which he had placed the defendant in protective custody, compared with the defendant's appearance at trial. The judge overruled the defendant's objection to Leighton's description of the defendant's prior behavior.

We may consider the evidence of the defendant's past encounters with the police, even if it should not have been admitted, in evaluating the sufficiency of the evidence. See Commonwealth v. Sepheus, 468 Mass. 160, 164 (2014) ; Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 98 (2010). The defendant does not argue that the admission of this evidence provides an independent ground for reversal. To the extent that the evidence was inadmissible, "we can say with a fair degree of assurance that admission of the statements contributed nothing substantial to the defendant's conviction." Commonwealth v. Dunn, 56 Mass. App. Ct. 89, 89 (2002).