Following a jury trial in the District Court, the defendant, Prabh Kooner, was convicted of assault and battery on a family or household member.[2] He appeals, claiming that there was insufficient evidence that he touched the victim, and that medical records entered into evidence at trial were improperly admitted. We affirm.
1. Sufficiency of the evidence. The defendant argues that there was insufficient evidence that he touched the victim, contending that her testimony was not credible and that it was contradicted or undermined by other evidence. We review claims of insufficient evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). "Conflicting inferences that can be drawn from the evidence are for the jury to resolve." Commonwealth v. St. Louis, 473 Mass. 350, 364 (2015), citing Commonwealth v. Miranda, 458 Mass. 100, 113 (2010), cert. denied, 565 U.S. 1013 (2011). "When assessing the sufficiency of the evidence, we resolve issues of credibility in favor of the Commonwealth ...." St. Louis, supra at 365, quoting Commonwealth v. James, 424 Mass. 770, 785 (1997).
Here, the jury could have found the following facts. On or about July 20, 2015, the defendant became angry at the victim, his wife, after he asked for a blanket and she gave him one that was "thicker" than he preferred. The defendant slapped and punched the victim with a closed fist "all over [her] body." The victim testified that "in order to protect [her] face [she] just put [her] hands up, and that's when [her] right hand got punched." She described the pain as "unbearable" and radiating into her arm, causing her to seek medical treatment the following day.
We also assess "whether the defendant's evidence caused the Commonwealth's case to deteriorate." Commonwealth v. Elliffe, 47 Mass. App. Ct. 580, 584 (1999), citing Commonwealth v. Kelley, 370 Mass. 147, 150 n.1 (1976). The witnesses called by the defense[3] contradicted the testimony of the victim; however, the jury evidently resolved these contradictions in favor of the Commonwealth, as they were permitted to do. See St. Louis, 473 Mass. at 364-365.[4] As the defendant's evidence did not cause the Commonwealth's case to deteriorate, see Commonwealth v. Platt, 440 Mass. 396, 404 (2003), we are satisfied that the Commonwealth presented sufficient evidence. The motions for a required finding of not guilty at the close of the Commonwealth's case and at the close of evidence were properly denied.
2. Medical records. The defendant argues that the victim's medical records were improperly admitted into evidence. As the defendant did not object to admission of these records below, we review to determine whether, if error, it created a substantial risk of a miscarriage of justice. See Commonwealth v. Ortiz-Soto, 49 Mass. App. Ct. 645, 647 (2000).
The defendant claims that the records were not properly authenticated, but fails to cite adequate authority in support of his contention. The medical records were admissible under G. L. c. 233, § 79, which states that "[r]ecords kept by hospitals, dispensaries or clinics ... may be admitted by the court, in its discretion, as evidence ... so far as such records relate to the treatment and medical history of such cases." Records used at trial "shall be certified by the affidavit of the person in custody thereof to be a true and complete record, and shall be delivered by such hospital, dispensary or clinic ... to the clerk of such court, who shall keep the same in his custody until its production is called for at the trial or hearing by the party requiring the said record. Such record, so certified and delivered shall be deemed to be sufficiently identified to be admissible in evidence if admissible in all other respects." Id. Thus no witness was required to authenticate the records. Indeed, the records were accompanied by an affidavit signed by the keeper of the records. Nothing more was required.
The defendant also claims, for the first time on appeal, that the records were more prejudicial than probative and were "needlessly" cumulative. "Whether evidence is relevant and whether its probative value is substantially outweighed by its prejudicial effect are matters entrusted to the trial judge's broad discretion and are not disturbed absent palpable error." Commonwealth v. Sylvia, 456 Mass. 182, 192 (2010), quoting Commonwealth v. Simpson, 434 Mass. 570, 578-579 (2001).
The judge admitted the records with redactions pertaining to liability, e.g., that the patient was a victim of domestic violence. In fact, the defendant did not contest that the victim was injured. Rather, he claimed she injured herself in a fall. As the unredacted portions of the records related to, inter alia, diagnosis and treatment, there was no error. See G. L. c. 233, § 79.
The records were also corroborative of the victim's testimony and not merely cumulative. See Parker v. Hardy, 24 Pick. 246, 248 (1833) ("Cumulative evidence is additional evidence of the same kind to the same point"). The records were probative of the victim's injury and redacted to avoid any mention of liability. There was no error, let alone a substantial risk of a miscarriage of justice.
Judgment affirmed.

The defendant was acquitted of an additional charge of assault and battery on a family or household member for an alleged incident on a different date.

The defendant called Winchester police Officer Matthew Alford and Rajbir Kaur, the defendant's mother, as witnesses.

That the jury may not have credited the victim as to the other alleged incident, see note 1, supra, does not affect our analysis. See generally Commonwealth v. Resende, 476 Mass. 141, 147 (2017) (even factually inconsistent jury verdicts not ground for reversal).